12FOGG, Judge.
In this suit for a- declaratory judgment, the salient issue raised on appeal is whether or not the royalty provided for in LSA-R.S. 56:2011(B) is due when fill is dredged from state-owned water bottoms for use in a state highway project. For the following reasons, we reverse the judgment of the trial court.
Ronald Adams Contractor, Inc. (RACI) entered into a construction contract with the Louisiana Department of Transportation and Development (DOTD) which required, in part, the construction of a highway embankment composed of approximately 558,698 cubic yards of non-plastic embankment (sand). The contract provided that RACI would be paid $12.40 per cubic yard for the sand and did not designate the origination of the sand.
Upon application by RACI, the Louisiana Department of Wildlife and Fisheries (LDWF) issued two Fill Material Permits. Each permit granted RACI permission to dredge material from the Mississippi River. RACI then contracted to have sand dredged from the Mississippi River and pumped into two sandpits. Finally, the sand was transported approximately forty miles by truck to the site of the road *882 construction. Both the highway embankment constructed by RACI and the river bottom of the Mississippi River are properties owned by the State of Louisiana. The river bottom of the Mississippi River where the sand was removed is not the same tract or an adjacent tract as the site where the highway was constructed.
On December 30, 1997, RACI filed the present action against LDWF, seeking a declaration that the royalty provided for in LSA-R.S. 56:2011(B) is not due when fill sand is dredged from state-owned water bottoms for use in a state highway project. The parties filed cross motions for summary judgment. On May 19, 2000, the trial court granted summary judgment in favor of igRACI, finding no royalty was due. LDWF appeals that judgment.
LSA-R.S. 56:2011 provides,
§ 2011. Permit to dredge; royalties
A. No person, firm, or corporation shall dredge fill sand or fill material from the water bottoms of this state without first obtaining a permit from the Louisiana Department of Wildlife and Fisheries, at a fee not to exceed one hundred dollars. The department shall act on the permit application either favorably or unfavorably within a period of thirty working days.
B. The Louisiana Wildlife and Fisheries Commission shall set, by rule, a schedule of royalty payments for said fill sand and fill material; and shall require a bond to insure the permittee’s performance under the permit.
C. Any state agency, political subdivision, or associated consultant or contractor engaged in a coastal conservation or restoration activity consistent with the plan established pursuant to R.S. 49:213.6 shall be exempt from payment or provision of the fees, royalties, or bond requirements of this Section.
It is undisputed that RACI is not a state agency, political subdivision, or associated consultant or contractor engaged in an approved coastal restoration project. However, RACI asserts that, nevertheless, no royalty is due because the State of Louisiana owns both the river bottom where the sand originated and the embankment where the sand was placed. In support of this argument, RACI cites Traigle v. Lafayette Airport Commission, 309 So.2d 904 (La.App. 3 Cir.1975) and Agerton v. City of Lake Charles, 273 So.2d 353 (La.App. 3 Cir.), writ denied, 275 So.2d 870 (La.1973), two cases that interpret LSA-R.S. 47:631, a revenue and taxation statute concerning the levy of severance tax on natural resources. We reject RACI’s contention that these cases have a bearing on our interpretation of LSA-R.S. 56:2011. Rather, the starting point for interpretation of any statute is the language of the statute itself. When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and its letter shall not be disregarded in Lsearch of the intent of the legislature. LSA-C.C. art. 9.
The language of the statute clearly provides that all persons who dredge fill material from state water bottoms owe the royalty. One exception to liability for the royalty is provided for the state or its contractors who dredge fill material for use in coastal restoration projects. RACI does not fall within this exception. Therefore, the trial court erred in granting summary judgment in favor of RACI and in denying summary judgment in favor of the LDWF.
For the foregoing reasons, the judgment of the trial court is reversed. RACI’s motion for summary judgment is hereby denied, and LDWF’s motion for summary *883 judgment is granted. Costs are assessed against RACI.
REVERSED AND RENDERED.